Argued and submitted March 11, 2021; in *State v. Shiffer*, decision of Court of Appeals reversed, judgment of conviction vacated in part, and case remanded to circuit court for further proceedings; in *State v. McKinney*, decision of Court of Appeals reversed, judgment of conviction vacated in part, and case remanded to circuit court for further proceedings March 3, 2022

STATE OF OREGON,
*Respondent on Review,*

*v.*

GINA MAREE McKINNEY,
*Petitioner on Review.*

(CC 17CR19610) (CA A168056) (SC S067558 (Control))

STATE OF OREGON,
*Respondent on Review,*

*v.*

ROCKLYN MITCHEL SHIFFER,
*Petitioner on Review.*

(CC 17CR45148) (CA A168450) (SC S067659)

505 P3d 946

Defendant Shiffer was charged with second-degree assault, ORS 163.175(1)(a). At his bench trial, he argued that the state was required to prove that he knew that his conduct would result in serious physical injury to secure a conviction, contending that the rule announced in *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999), that the state need only prove that Shiffer was aware that his conduct was "assaultive," was no longer good law. The trial court applied the *Barnes* rule and convicted Shiffer. On appeal, Shiffer argued for the first time that, at minimum, the state needed to prove that he was criminally negligent with respect to the physical injury; the Court of Appeals affirmed without opinion. Defendant McKinney was charged in an unrelated matter with third-degree assault, ORS 163.165(1)(h), and the jury considered the lesser-included offense of fourth-degree assault under ORS 163.160(1)(a). McKinney requested that the trial court instruct the jury that, to find her guilty of third-degree assault, it must find that she knew or was aware that her actions would result in physical injury. The trial court instead instructed the jury according to the law announced in *Barnes*. On appeal, McKinney suggested for the first time that the result element required a culpable mental state of at least criminal negligence; the Court of Appeals affirmed. *Held*: (1) Given the rule announced in *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), that the state must show that a defendant acted with at least criminal negligence with respect to the resultant physical injuries in assault cases to secure a conviction, the court reviewed the unpreserved errors under the plain-error doctrine; (2) the error in defendant Shiffer's case was harmful because the trial court could have convicted him without finding a culpable mental state as to the result element; (3) the error in defendant McKinney's case was harmful because the instructional error concerning the third-degree assault charge, for which the jury did not convict defendant McKinney, could

have confused the jury and affected its deliberations on the fourth-degree assault charge it ultimately convicted her on.

In *State v. Shiffer*, the decision of the Court of Appeals is reversed, the judgment of conviction is vacated in part, and the case is remanded to the circuit court for further proceedings. In *State v. McKinney*, the decision of the Court of Appeals is reversed, the judgment of conviction is vacated in part, and the case is remanded to the circuit court for further proceedings.

On review from the Court of Appeals.*

Bear Wilner-Nugent, Bear Wilner-Nugent Counselor & Attorney at Law, Portland, argued the cause and filed the briefs for petitioner on review Gina Maree McKinney.

Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, argued the cause and filed the briefs for petitioner on review Rocklyn Mitchel Shiffer. Also on the briefs was Ernest G. Lannet, Chief Defender.

Michael A. Casper, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Walters, Chief Justice, and Balmer, Flynn, Duncan, Nelson, and Garrett, Justices, and Nakamoto, Senior Judge, Justice pro tempore.**

NAKAMOTO, S.J.

In *State v. Shiffer*, the decision of the Court of Appeals is reversed, the judgment of conviction is vacated in part, and the case is remanded to the circuit court for further proceedings. In *State v. McKinney*, the decision of the Court of Appeals is reversed, the judgment of conviction is vacated in part, and the case is remanded to the circuit court for further proceedings.

--------------

* Appeal from Washington County Circuit Court, Andrew R. Erwin, Judge. *State v. McKinney*, 302 Or App 309, 457 P3d 377 (2020). Appeal from Multnomah County Circuit Court, Leslie M. Roberts, Judge. *State v. Shiffer*, 302 Or App 382, 457 P3d 386 (2020).

** DeHoog, J., did not participate in the consideration or decision of this case.

**NAKAMOTO, S.J.**

Like the defendant in *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), also decided this day, defendants Shiffer and McKinney were each charged in independent cases with an assault offense requiring proof that the defendant knowingly caused physical injury to another person. Defendant Shiffer opted for a bench trial and argued that the trial court had to find that he knew that his actions would result in serious physical injury before finding him guilty. Defendant McKinney's case went to a jury, and she requested instructions that would have required the state to prove that she knew her actions would result in the requisite physical injury. Unlike the defendant in *Owen*, however, Shiffer and McKinney did not argue at trial that, at minimum, the criminal negligence mental state attaches to the injurious result element. Citing *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999), both trial courts rejected their arguments, and in McKinney's trial, the court declined to give her requested instructions and instead gave instructions focusing on her knowledge of the nature of her conduct. The Court of Appeals affirmed each of their assault convictions.

On review, each defendant asserts that the trial court erred. Defendants reassert their arguments made in the trial courts that a knowing mental state should have attached to the physical injury element, a conclusion we rejected in *Owen*. *See Owen*, 369 Or at 320. Additionally, each defendant makes the unpreserved argument that, if the knowing mental state does not apply to the physical injury element, then the minimum culpable mental state should be criminal negligence. In *Owen*, we held that the resultant physical injury element of the second-degree assault offense required a culpable mental state and, therefore, that the state must prove that the defendant was at least criminally negligent with respect to the physical injury. *Id.* at 322.

As a result, our decision in defendants' cases initially is concerned with whether the holding in *Owen* extends to each defendant's unpreserved argument on review that the result element of assault must have an associated culpable mental state. We exercise our discretion to review the error in each case under plain-error review, and we further conclude

that the error in each case was not harmless. Accordingly, we reverse the decisions of the Court of Appeals and in part vacate the judgment of conviction in each case.

## I.  FACTS

A.  *Defendant Shiffer*

Shiffer was involved in an altercation at a store when he punched the victim on his right cheek. The punch fractured small bones in the victim's face and required multiple procedures to suture a deep wound that penetrated to the bone. As a result, the victim spent two days in the hospital, and the injury caused temporary vision loss and left a permanent scar. The charges against Shiffer included second-degree assault under ORS 163.175(1)(a).[1] He waived his right to a jury.

In his bench trial, Shiffer argued that the state had to prove that he "kn[ew] that that punch [was] going to result in serious physical injury." He argued that *Barnes* no longer was good law in light of *State v. Simonov*, 358 Or 531, 368 P3d 11 (2016). The state responded that, as this court had held in *Barnes*, the trial court was only required to find that defendant was aware of the assaultive nature of his conduct and that a knowing culpable mental state did not attach to the physical injury element.

The trial court, which watched a video recording of the altercation from the store's surveillance system, found that Shiffer knowingly and intentionally assaulted the victim and that he caused the victim serious physical injury. The trial court rejected defendant's argument that a knowing mental state applied to the nature of the resultant injury. The court distinguished the offense in *Simonov*, which involved unauthorized use of a motor vehicle and the element of the vehicle owner's lack of consent, from assault offenses. The court observed that, in the context of the unauthorized use of a vehicle offense, "[t]he lack of authority [to use the vehicle] was not in any way the *result* of criminal actions" taken by defendant, but rather made the defendant's actions, when taken, criminal. (Emphasis added.)

---

[1]  Pursuant to ORS 163.175(1)(a), second-degree assault is defined as "[i]ntentionally or knowingly caus[ing] serious physical injury to another."

The trial court concluded that *Barnes* was not expressly or impliedly overruled by *Simonov* and that it was "bound by *Barnes*."

Shiffer appealed and reprised the argument that a knowing mental state had to attach to the serious physical injury element of second-degree assault. Additionally, he argued for the first time that, even if a knowing mental state did not apply to the serious physical injury element, the element needed at minimum the culpable mental state of criminal negligence. He also asserted that the trial court's failure to apply a culpable mental state of criminal negligence to the element constituted plain error. The Court of Appeals affirmed without opinion. *State v. Shiffer*, 302 Or App 382, 457 P3d 386 (2020).

B.  *Defendant McKinney*

McKinney's daughter, who was seven weeks old, was admitted to the hospital with a broken femur. An investigation ensued, and McKinney, a new mother, provided various, conflicting accounts of what had happened. In her final explanation to an investigator with the Tualatin police department, McKinney stated that she was feeding her daughter in the middle of the night and must have fallen asleep while sitting up in her bed and holding her. McKinney told the investigator that she remembered waking up to her daughter crying on the carpet, picking her up, and putting her back in the bed next to her. McKinney similarly testified at trial that she recalled waking up and finding her daughter on the floor and believed that she had fallen asleep and dropped her. McKinney also testified that she had not realized the seriousness of her daughter's injury before taking her to the hospital two days after the incident occurred.

A doctor who was board-certified in pediatrics and child abuse medicine was called to consult to help determine whether the fracture was caused by child abuse. He testified at trial. He related that medical personnel conducted a "bone survey" of the baby by taking x-rays of her whole body and did an MRI study of her head but did not find any other injuries, new or old. Other than the femur fracture, she appeared to the doctor to be a normal, healthy infant.

He testified that a fall from a bed resulting in the type of fracture the baby suffered would be highly unusual but not impossible and that an infant with a femur fracture would be exhibiting signs of significant pain.

McKinney was tried on two counts of first-degree criminal mistreatment under ORS 163.205[2] and one count of third-degree assault under ORS 163.165(1)(h).[3] The jury also considered the lesser-included offense of fourth-degree assault under ORS 163.160(1)(a), which provides that a person commits the crime if she "[i]ntentionally, knowingly or recklessly causes physical injury to another[.]"

McKinney requested that the trial court instruct the jury that, to find her guilty of third-degree assault, the jury "must find that [defendant] *knew or was aware that her actions would result in physical injury*" and that "[i]t is not enough, as a matter of law, that [defendant] knew or was aware of a risk that her actions would result in physical injury." (Emphasis added.) Like Shiffer, she argued that *Barnes* was no longer good law in light of *Simonov*. In conjunction with her requested instructions, she argued in a memorandum of law that *Simonov* supported the conclusion that "cause physical injury" is a unitary element in third-degree assault and is a "conduct" element that required the jury to find that she knew she would cause her daughter physical injury. She also noted that, in *Simonov*, the state "had argued that 'without consent' was a circumstance element, and that—absent an express mental state within the definition of the crime—the lowest applicable mental state (criminal negligence) would apply * * *." However, she did not expressly adopt that argument before the trial court.

The trial court initially was inclined to give the jury instructions McKinney had requested, but after the

---

[2] In those counts, the state alleged that McKinney had knowingly caused physical injury to a dependent person and knowingly withheld medical attention from a dependent person. The jury convicted her of knowingly withholding medical attention from, but acquitted her of knowingly causing physical injury to, her daughter.

[3] Pursuant to ORS 163.165(1)(h), a person commits third-degree assault if, "[b]eing at least 18 years of age," the person "intentionally or knowingly causes physical injury to a child 10 years of age or younger[.]" The state alleged that McKinney had acted "knowingly."

state asked for reconsideration, the court decided to adhere to *Barnes*. Ultimately, the trial court instructed the jury that, to find defendant guilty of third-degree assault, "[the jury] must find that defendant knew or was aware of the assaultive nature of her conduct. [The jury] need not find that defendant knew her conduct would cause injury." As for the lesser-included offense of fourth-degree assault, the court instructed the jury that the state had to prove one element in addition to the date of the act: "[Defendant] recklessly caused physical injury to [her daughter]." The court instructed the jury that a person acts "recklessly"

> "if that person is aware of and consciously disregards a substantial and unjustifiable risk that a particular result will occur or a particular circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in that situation. A person also acts recklessly if a person acts intentionally or knowingly."

McKinney's theory of defense was that the injury was accidental. During deliberations, the jury sent the court a note asking it to define the term "assaultive." The court declined to provide the jury with a definition and informed the jury that it had already received all instructions. The jury acquitted McKinney of knowingly causing physical injury to her daughter, as alleged in one criminal mistreatment count and in the third-degree assault count, but it found her guilty of recklessly causing physical injury to her daughter, the lesser included fourth-degree assault charge.

On appeal, McKinney argued that the jury instructions for assault were incorrect statements of law. McKinney asserted that *Barnes* incorrectly determined the number and nature of the elements of an assault offense. Ultimately, she again contended that the jury instructions incorrectly allowed the jury to convict her without determining whether she knew that her conduct would cause injury. McKinney suggested that, if the culpable mental state for the result element was not "knowingly," then the minimum culpable mental state of criminal negligence applied. The Court of Appeals affirmed in a per curiam decision, citing *Barnes*. *State v. McKinney*, 302 Or App 309, 457 P3d 377 (2020).

Both defendants filed petitions for review. We allowed review and consolidated each case with *Owen* for oral argument.

## II.  ANALYSIS

### A.  *Plain-error Review*

Our analysis initially focuses on whether Shiffer and McKinney are in a position to request relief based on our decision in *Owen*. Both defendants assert before this court that the injury element of assault must have a culpable mental state and that, if the knowing culpable mental state does not apply, then, at least, the criminal negligence mental state must attach to the resultant injury element of assault. But both defendants failed to make that argument at trial.

We begin with general principles of preservation and plain-error review. It is well-settled in this court's jurisprudence that "[t]he general requirement [is] that an issue, to be raised and considered on appeal, ordinarily must first be presented to the trial court." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991) ("Generally, before an appellate court may address whether a trial court committed an error in any of the particulars of the trial of a case, the adversely affected party must have preserved the alleged error in the trial court and raised the issue on appeal by an assignment of error in its opening brief.").

Further, this court has distinguished between "raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*." *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (emphasis in original). Raising an issue at trial "ordinarily is essential," whereas identifying a source is less so, and making a particular argument is the least significant. *Id.* ("The first ordinarily is essential, the second less so, the third least."). The court in *Hitz* recognized that "[e]fficient procedures are instruments for, not obstacles to, deciding the merits, particularly when the alternative is a criminal conviction that lacks a basis in law or in fact." *Id.* at 188-89. In recognizing that this principle provides "some degree of liberality to the preservation

requirement," this court has noted that "an appellate court must view the facts in light of the purposes of fairness and efficiency that underlie the [preservation] requirement." *State v. Stevens*, 328 Or 116, 122, 970 P2d 215 (1998).

An appellate court may consider an unpreserved error if the error is plain. *Ailes*, 312 Or at 381. To constitute plain error, an error must (1) be one of law; (2) be obvious and not reasonably in dispute; and (3) appear on the face of the record. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (citations omitted). Whether a plain error occurred does not turn on the law at the time of trial, but rather depends on "the law at the time of the appellate decision." *State v. Ulery*, 366 Or 500, 503, 464 P3d 1123 (2020). Even if the error is plain, the court must exercise its discretion whether to consider the error, and such a decision "should be made with utmost caution." *Ailes*, 312 Or at 382.

Turning to Shiffer's case, although at trial Shiffer did not make the precise argument he now makes, Shiffer did challenge the viability of our decision in *Barnes* in light of *Simonov* and contested the culpable mental state that should apply to the assault charge. Then, in an assignment of error in the Court of Appeals, he contended that the trial court erred by failing to find that he acted with at least criminal negligence with regard to the nature of the injury that he caused and requested plain-error review. Shiffer again argues in this court that the trial court plainly erred.

The trial court understood that it was bound by the holding in *Barnes* and rejected Shiffer's arguments that a culpable mental state as to the serious physical injury he caused was required to prove second-degree assault. We agree that the trial court's error was one of law, is not reasonably in dispute because of our decision in *Owen*, and appears on the face of the record. We choose to exercise our discretion to address the error. Whether any, and which, culpable mental state should apply to the result element of the second-degree assault charge has been at issue at every level of the case.

McKinney's case is somewhat different, but the same dispute appears at every level of her case. Like Shiffer,

she argued that *Barnes* no longer was good law, although she did not preserve the specific argument that, at minimum, the trial court should apply the criminal negligence culpable mental state to the injury element. Unlike Shiffer, on appeal, she did not devote an assignment of error to the trial court's failure to instruct the jury that the state had to prove that she was criminally negligent with respect to the physical injury. However, she made the argument in the Court of Appeals. She contended that ORS 161.095(2) requires "some minimal culpable mental state for each material element" and observed that the minimal culpable mental state is criminal negligence. She concluded that the jury instructions "baselessly alleviated the state's burden of proving any culpable mental state at all" as to her daughter's physical injury.

In this court, McKinney does not specifically request plain-error review and does not make an argument as to why this court should exercise its discretion to review the error. She does, however, adopt all arguments made by defendants Owen and Shiffer in their briefs on the merits pursuant to ORAP 5.77(1) and (4), and Shiffer, of course, made the argument for plain-error review.[4] In accordance with *Barnes*, the jury instructions the trial court gave in McKinney's case did not inform the jury that the state had to prove that she was at least criminally negligent as to the physical injury that her daughter suffered. As in Shiffer's case, the trial court's error was one of law, is not reasonably in dispute because of our decision in *Owen*, and appears on the face of the record; and, as in Shiffer's case, we exercise our discretion to address the error in McKinney's case through plain-error review.

## B.  *Harmlessness*

Although an error occurred in the trial court, we will affirm if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77

---

[4] Under ORAP 5.77(1), a party may adopt the brief of another party on the same side, including cases consolidated on appeal. And under ORAP 5.77(4)(a), a party "who concurs with all or part of a brief filed by another party and who has no other position to assert may adopt the other party's brief by filing a brief adopting in whole or in part the brief of another party."

P3d 1111 (2003). In *Shiffer*, the state argues that the trial court, sitting as factfinder, found that defendant was aware of the assaultive nature of his conduct and, indeed, was "seeking to injure" the victim when he punched him in the face, but the state does not contend that a failure to apply a mental state to the result element was harmless.

Shiffer argues that the culpable mental state matters in this case, where he was charged with "intentionally and knowingly caus[ing] serious physical injury" to the victim. Had the trial court applied a criminally negligent mental state to the result element—the serious physical injury—it would have had to find that, when defendant punched the victim, he failed "to be aware of a substantial and unjustifiable risk that the result will occur" and that the risk was "of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10). Defendant describes what happened in this case as not uncommon: The two men argued, and defendant punched the victim once in the cheek. He argues that it is not clear that a factfinder would find "that defendant failed to be aware of a *substantial* risk that a solitary punch would cause a serious physical injury, or that that risk was of such a nature and degree that defendant's failure to be aware of it was a *gross deviation* from the standard of care that a reasonable person would observe in the situation." (Emphases in original.)

An instructional error is prejudicial if the absence of the jury instruction "probably created an erroneous impression of the law" in the minds of the jury members and "if that erroneous impression may have affected the outcome of the case." *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106-07, 957 P2d 147 (1998) (citations omitted). And in a bench trial, we similarly review whether the trial court's legal error regarding an element of the offense that the state had to prove may have affected the outcome of the case. *Cf. State v. Marrington*, 335 Or 555, 565-66, 73 P3d 911 (2003) (evaluating whether there was little likelihood that the trial court's legal error in admitting testimony affected the court's verdict in a bench trial).

We agree with defendant that the culpable mental state for the serious physical injury element could have made a difference in his case. It would have changed what the trial court had to consider before convicting defendant on the second-degree assault charge, and we cannot say that those considerations would not have affected the court's decision. Therefore, we vacate the judgment of conviction as to the second-degree assault count in Shiffer's case and remand to the trial court for a new trial.

In *McKinney*, the state contends that any instructional error concerning the third-degree assault charge was harmless because McKinney was acquitted of that charge. And, for the fourth-degree assault of which she was convicted, the state was required to prove that she recklessly caused injury to her daughter, ORS 163.160(1)(a), and McKinney did not dispute the instruction for that charge.

McKinney responds that the instruction on third-degree assault likely confused the jury. The trial court instructed the jury that it "must find that defendant knew or was aware of the assaultive nature of her conduct" and "need not find that defendant knew her conduct would cause injury." The instruction on fourth-degree assault did not mention a culpable mental state for the physical injury element. McKinney contends that, because the instructions as a whole conveyed that the culpable mental state applied to her conduct but no culpable mental state applied to the physical injury element for fourth-degree assault, the jury could have convicted her of fourth-degree assault while accepting that the injury was an accident that happened when she fell asleep.

We agree that the absence of an instruction on the mental state required for the result element could have made a difference. The jury's question for the court about the meaning of "assaultive" is some indication that the jury could have been wrestling with defendant's state of mind and her blameworthiness for the injury. The jury acquitted her on charges that required the state to prove that McKinney "knowingly" caused physical injury to her daughter. The jury's acquittal of McKinney of third-degree assault is consistent with the jury believing McKinney's explanation that

she fell asleep while holding her daughter. That belief also would be consistent with the jury's finding that she acted recklessly, as required for fourth-degree assault. For example, the jury could have reasoned that McKinney was reckless because she knew she was tired but consciously disregarded a risk that she would fall asleep and lose her grip on her daughter.

But the jury was not told that it had to find in addition that McKinney was aware of and disregarded a substantial and unjustifiable risk that her conduct would cause physical injury. The criminally negligent mental state that should have attached to the physical injury element would have guided the jury to deliberate in a different way and may have affected the outcome of the case. Although it found her action reckless, the jury could have found that it was not "a gross deviation from the standard of care that a reasonable person would observe" for McKinney to be unaware of a substantial risk that, if she fell asleep, her daughter would suffer physical injury. *See* ORS 161.085(10) (defining "criminal negligence"). Accordingly, we vacate the judgment of conviction as to the fourth-degree assault count and remand to the trial court for a new trial.

In *State v. Shiffer*, the decision of the Court of Appeals is reversed, the judgment of conviction is vacated in part, and the case is remanded to the circuit court for further proceedings. In *State v. McKinney*, the decision of the Court of Appeals is reversed, the judgment of conviction is vacated in part, and the case is remanded to the circuit court for further proceedings.