***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1)***

On appellant's petition for reconsideration filed March 15, and respondent's response to appellant's petition for reconsideration filed March 29; reconsideration allowed, former opinion withdrawn, conviction on Count 4 reversed and remanded, remanded for resentencing, otherwise affirmed June 29, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RODNEY RODELL HENRY,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR37514; A174217

Jerry B. Hodson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, for response.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

JAMES, P. J.

Reconsideration allowed; former opinion withdrawn; conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

**JAMES, P. J.**

We originally affirmed defendant's convictions and sentence without opinion. *State v. Henry*, 318 Or App 153, 505 P3d 4 (2022). The day after we issued our decision in this case, the Supreme Court decided *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022).

Defendant originally raised, among other assignments of error, a plain error challenge to the following jury instruction:

> "When used in the phrase 'knowingly *** causes physical injury to another person,' 'knowingly' means that the person acts with an awareness that he is assaulting another person. The state does not need to prove that the person acted with an awareness that his conduct would cause a particular result."

That instruction related to Count 4, in which the state had charged defendant with fourth-degree assault after defendant struck the victim on the arm. In his opening brief, defendant argued that the trial court had plainly erred in giving the uniform instruction quoted above because it omitted a culpable mental state as to physical injury.

Defendant asks us to reconsider our affirmance on that assignment of error. The state concedes that, in light of *Owen* and *McKinney/Shiffer*, the trial court plainly erred in instructing the jury on fourth-degree assault. We accept the concession.

Reconsideration allowed; former opinion withdrawn; conviction on Count 4 reversed and remanded; remanded for resentencing; otherwise affirmed.