***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 17, 2022, affirmed January 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TASI AUTELE,
aka Brian Mulivai Autele,
aka Tasi Mulivai Autele,
*Defendant-Appellant.*

Washington County Circuit Court
17CR69755; A172873

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant. Tasi Autele filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for third-degree assault, a lesser-included offense of the charged offense of second-degree assault. On appeal, defendant raises two assignments of error and a supplemental assignment of error. Defendant also filed a supplemental *pro se* brief. As explained below, we affirm.

In his first assignment of error, defendant argues that the trial court erred in denying him the right to retained counsel of his choice, in violation of Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. The facts relevant to this assignment are procedural.

Defendant retained two lawyers, Mackeson and Hall, to represent him in this case. On the date set for trial, the state and defendant, represented by his retained counsel, litigated several pretrial motions in the morning. One motion involved photographs which the court was inclined to exclude from admission, but the court indicated that it would revisit the issue if defendant's testimony opened the door to admitting them. At that point, the prosecutor stated that Mackeson had "expressed to me concern that if the defendant is confronted with these photos; that [defense counsel] may have some ethical obligation to withdraw from this case." The state was concerned that such a withdrawal would happen during the trial. The court reiterated that it was excluding the photographs "at this point" and recessed until the afternoon.

During the afternoon session, the court recounted that it had met with the prosecutor and defense counsel in chambers. The court stated that Mackeson had an ethical conflict and requested to withdraw. The court did not think it was appropriate to discuss the nature of the conflict on the record and said that, "based on my understanding of the conflict, I don't know that I have a choice. So I will reluctantly grant the withdrawal." The court also allowed Hall to withdraw for the same reason and directed defendant to promptly find a new lawyer and appear at a status hearing in 10 days.

At the status hearing, defendant appeared with Mackeson and Hall, who requested to again represent defendant. The court denied the request, stating:

"At that point in time [(at the last hearing)], without getting into specifics, Mr. Mackeson had made a motion in my office and we put it on the record to withdraw based on some ethical considerations, which, in my mind and in his at the time, were significant.

"\* \* \* \* \*

"The conflict may or may not have resolved itself, but, in my mind, the Court's mind, my concerns about the ethical obligations that were raised in the last hearing we had, I'm just not willing to reappoint Mr. Mackeson or Mr. Hall to \* \* \* represent [defendant]."

The court then appointed counsel for defendant and set another status hearing. Defendant later retained new counsel who represented him for the remainder of the case.

We have explained:

"The right to counsel carries with it a right to counsel of one's choice. The corollary right of choice, however, is subject to judicial discretion if accommodation of the right to choice would result in 'a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.'"

*State v. Pflieger*, 15 Or App 383, 386-87, 515 P2d 1348 (1973) (citing *State v. Greenough*, 8 Or App 86, 92, 493 P2d 59 (1972)).

On appeal, defendant argues that, because there was "no evidence of a conflict of interest that risked a disruption of the proceedings, and no evidence of a risk associated with a case delay," the court could not interfere with defendant's choice of retained counsel. Defendant argues that the mere request to reinstate his former counsel was an implicit communication to the court that any conflict had been resolved. The state responds that defendant failed to make a record adequate for us to review the trial court's decision.

We agree with the state that the record is inadequate for our review. We are faced with a situation in which

we do not have the information on which the trial court based its decision. The court stated that it believed defense counsel's conflict of interest was significant and indicated that it also believed that it presented a risk that defense counsel would again have to withdraw. Also, from the record that was made, we can discern that the conflict was one that would arise, if at all, during the trial. If that happened, it would be a "disruption of the orderly processes of justice." Without further information about the nature of the conflict or whether the risk of the conflict arising during trial had been resolved, we are not in a position in which we can say that the trial court erred under the circumstances of this case.

In his second assignment of error, defendant argues that the trial court erred in giving a nonunanimous jury instruction and that his conviction should be reversed as a result. Because defendant was convicted by a unanimous jury verdict, we conclude that any error in giving the nonunanimous jury instruction was harmless. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

In his supplemental assignment of error, defendant argues that the trial court plainly erred by failing to instruct the jury on a culpable mental state with regard to the serious physical injury element for third-degree assault, as required by *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022).

We conclude that the trial court did not plainly err. As relevant here, a person commits the offense of third-degree assault if the person "[r]ecklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life." ORS 163.165(1)(b). The court instructed the jury that it had to find, among other things, that defendant "recklessly caused serious physical injury to [J]." The jury was also instructed on the definition of "recklessly."[1] Together those instructions

---

[1] The court instructed the jury:

"Recklessly: A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk that a particular result will occur or a particular circumstance exists.

told the jury that it had to find that defendant was aware of and consciously disregarded the substantial and unjustifiable risk that he would cause J a serious physical injury.[2] It is not "obvious" and it is "reasonably in dispute" whether that instruction is erroneous under *Owen* and *McKinney/Shiffer*, and, thus, any error does not qualify as plain error. *See, e.g.*, *McKinney/Shiffer*, 369 Or at 333 (stating standard for plain error).

Finally, we turn to the errors raised by defendant in his *pro se* supplemental brief that we have not already addressed. As to those claimed errors, we are unable to address the matters given defendant's failure to comply with relevant rules of appellate procedure for preparation of briefs. ORAP 5.92(2); ORAP 5.45.

Affirmed.

---

"The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. Recklessness is also established if a person acts intentionally or knowingly."

[2] We note that the jury was also given the following instruction:

"As to any degree of assault, the State must prove beyond a reasonable doubt that [defendant] was aware of the assaultive nature of his conduct and that his conduct, in fact, caused [J] serious physical injury ***.

"The State is not required to prove that [defendant] was aware that his conduct would result in serious physical injury ***."

That instruction, however, did not tell the jury that it did not have to find that defendant recklessly caused J serious physical injury, which it was specifically instructed to do to find defendant guilty of third-degree assault.