***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 9, conviction on Count 2 reversed and remanded for entry of conviction for second-degree assault, remanded for resentencing, otherwise affirmed November 1, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARY KATHERINE ROCHEFORT,
*Defendant-Appellant.*

Linn County Circuit Court
19CR82190; A176529

Rachel Kittson-MaQatish, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Conviction on Count 2 reversed and remanded for entry of conviction for second-degree assault; remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals from a judgment of conviction after a jury trial in which she was convicted of attempted second-degree murder, ORS 161.405 and ORS 163.115, first-degree assault, ORS 163.185, and unlawful use of a weapon, ORS 166.220. Defendant raises three assignments of error on appeal. In her first assignment of error, she argues that the trial court erred when it barred defendant from presenting lay witness testimony about her mental state at the time of the incident. In her second assignment of error, she argues that the trial court erred in denying defendant's motion for judgment of acquittal on the first-degree assault charge. In her third assignment of error, she argues that the trial court plainly erred when it failed to provide jury instructions stating that to find defendant guilty of first-degree assault, the jury had to find that defendant had an intentional mental state, or a criminally negligent mental state, with respect to the physical-injury element of first-degree assault. We reject the first assignment of error, reverse the first-degree assault conviction and remand for entry of a conviction of second-degree assault, and reject defendant's plain-error challenge as to jury instructions.

An extended discussion of the facts of the case would not benefit the bench, the bar, or the public. Therefore, only the pertinent facts, as necessary to our analysis, will be included.

The state filed a motion *in limine*, seeking to exclude testimony regarding statements by defendant in which she had reported hearing voices and not taking her blood-pressure medication, and statements by other witnesses describing defendant as "a little crazy" and delusional. The state argued that those statements should be excluded on relevancy grounds or, in the alternative, should be excluded because their probative value did not substantially outweigh their prejudicial effect. After hearing the parties' arguments, the trial court tentatively ruled that, while lay witnesses are allowed to describe their observations, they should refrain from making general statements describing defendant as crazy or delusional, as those statements would not be relevant and, even if relevant, cumulative lay

opinions making those statements would likely create a risk of jury confusion if presented without expert testimony. The court stated that defendant would still be allowed to make an offer of proof at trial so that the ruling could be reevaluated to establish the admissibility of such evidence. An offer of proof was not presented during trial.

Defendant argues, in the first assignment of error, that the trial court erred in ruling that defendant was barred from eliciting lay witness testimony about her mental state at the time of the incident. The state responds that defendant failed to make an offer of proof at trial and that, without an offer of proof, defendant has failed to properly preserve the issue for review.

"Normally, an offer of proof is required to preserve error when a trial court excludes testimony *** to assure that appellate courts are able to determine whether it was error to exclude the evidence and whether any error was likely to have affected the result of the case." *State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988). Some exceptions to that rule apply when "the nature of the excluded evidence is adequately reflected in the argument of counsel to the court," or when "the trial court refuses to allow an offer to be made." *State v. Krieger*, 291 Or App 450, 456, 422 P3d 300, *rev den*, 363 Or 599 (2018).

Here, defendant did not adequately explain the nature of the excluded evidence during the pretrial hearing, nor did defendant make an offer of proof during trial, despite the court's statement that it would entertain an offer of proof. Thus, defendant has not provided us with a record from which we can determine whether error actually occurred and, if so, whether such error was prejudicial. *See Affeld*, 307 Or at 128 (regarding importance of offer of proof); *State v. Khoshnaw*, 286 Or App 246, 250-53, 399 P3d 1083, *rev den*, 362 Or 208 (2017) (failure to make offer of proof prevented determination that testimony was improperly excluded); *State v. Clark*, 284 Or App 197, 211-12, 392 P3d 337, *rev den*, 361 Or 803 (2017) (failure to make offer of proof precluded determination of reversible error in excluding testimony).

Defendant argues, in the second assignment of error, that the court erred when it denied defendant's motion for judgment of acquittal on first-degree assault, because the state failed to present sufficient evidence to support an inference that the victim suffered serious physical injury, as required by ORS 163.185(1)(a).[1] Serious physical injury is defined by ORS 161.015(8) as "physical injury which creates a substantial risk of death," and "physical injury" is defined by ORS 161.015(7) as "impairment of physical condition or substantial pain." The state concedes that it failed to present sufficient evidence to support an inference that the victim suffered serious physical injury but argues that the jury did find that the victim suffered physical injury; therefore, the state contends, the proper remedy is to remand for entry of a conviction for second-degree assault. The state explains that in convicting defendant of first-degree assault, the jury necessarily found that defendant caused the victim physical injury by means of a deadly or dangerous weapon as required by second-degree assault, ORS 163.175. We agree, accept the state's concession, and reverse and remand for entry of a conviction of second-degree assault.

Defendant argues, in the third assignment of error, that the court plainly erred by failing to instruct the jury that the state needed to prove intent as to the serious-physical-injury element of first-degree assault. The state responds that this issue is moot if we accept the state's concession on the second assignment of error. We disagree, failing to instruct the jury on the required mental state as to the serious physical-injury element would affect the second-degree assault conviction as second-degree assault requires an intentional or criminally negligent mental state as to the physical-injury element; therefore, we must address this assignment of error.

"To constitute plain error, an error must (1) be one of law; (2) be obvious and not reasonably in dispute; and (3) appear on the face of the record." *State v. McKinney/Shiffer,*

---

[1] ORS 163.185(1) provides, in relevant part, that:

"A person commits the crime of assault in the first degree if the person:

"(a)  Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon[.]"

369 Or 325, 333, 505 P3d 946 (2022). We agree with defendant that the trial court's failure to instruct the jury on the required mental state as to the serious physical-injury element was one of law, is not reasonably in dispute, and appears on the face of the record. *Id*. at 333-34. "Although an error occurred in the trial court, we will affirm if there is little likelihood that the particular error affected the verdict." *Id*. at 334 (internal quotation marks omitted).

The state argues that even if the court plainly erred, such error was harmless because the jury convicted defendant of attempted second-degree murder based on the same act that produced the injury for the assault conviction. In order to convict defendant of attempted second-degree murder, the jury was instructed and required to find that defendant intended to cause the victim's death and took a substantial step toward doing so.[2] *See State v. Hale*, 335 Or 612, 628-29, 75 P3d 448 (2017) (court discerned from verdicts on other counts that error in failing to give jury-concurrence instruction was harmless for some counts). In light of the jury's finding that defendant "intentionally attempted to cause the death of" the victim, the jury would have found that defendant did intend to cause the victim serious physical injury. Therefore, we do not exercise our discretion to correct the error as we are not persuaded that it would have affected the outcome. *State v. Kerne*, 289 Or App 345, 349, 410 P3d 369 (2017), *rev den*, 363 Or 119 (2018) (This court "will not and cannot exercise [its] discretion to correct a plain error is when that error is harmless, that is, when there is little likelihood that the error affected the jury's verdict").

Conviction on Count 2 reversed and remanded for entry of conviction for second-degree assault; remanded for resentencing; otherwise affirmed.

---

[2] The jury was instructed that in order to find defendant guilty of attempted murder, they must find that defendant "intentionally attempted to cause the death of" the victim.