No. 222 April 10, 2024 785

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN RUMMEL BROOKS,
*Defendant-Appellant.*
Polk County Circuit Court
19CR67779; A176607

Monte S. Campbell, Judge.

Argued and submitted March 6, 2024.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of first-degree unlawful sexual penetration, ORS 163.411(1)(c), and first-degree sexual abuse, ORS 163.427(1)(a)(C). On appeal, he raises six assignments of error. In his first assignment of error, defendant argues that the trial court erred in denying his motion for a judgment of acquittal on the "physically helpless" element of both crimes, and he asks us to direct entry of convictions for lesser included offenses that do not require that element. In his second through sixth assignments of error, defendant argues that the trial court plainly erred by failing to intervene *sua sponte* at five different points during defendant's trial to exclude hearsay evidence to which defendant did not object. For the following reasons, we affirm.

*Motion for judgment of acquittal.* Our task in reviewing the denial of a motion for judgment of acquittal is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

The complainant, R, testified that, at the time of the incident, she was initially asleep and then started to wake up but "couldn't move" or "stop him," due to "sleep paralysis." The next morning, R thought at first that she had had a "terrible night terror" of being molested, but she soon realized that defendant had actually touched her. In her first police interview, R told the officer that she "really thought [she] was having a night terror" and that she was "paralyzed."

A person is "physically helpless" if the person "is unconscious or for any other reason is physically unable to communicate unwillingness to an act." ORS 163.305(4). R's testimony was sufficient to create a jury question as to whether R was "physically helpless." We are unpersuaded that there had to be specific testimony that R lacked the ability to speak. *See State v. Lugo*, 322 Or App 477, 481, 520 P3d 917 (2022) (holding that a rational factfinder could have

found the victim was "physically helpless" when the victim was "just waking up," had "a lot of confusion," and had just "started coming to"). We reject defendant's first assignment of error.

*Hearsay (plain error).* Defendant's remaining assignments of error raise unpreserved claims of error. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Defendant contends that the trial court plainly erred by allowing into evidence (1) testimony by defendant's girlfriend, Carr, as to statements that R made to Carr the morning after the incident; (2) a video recording of Carr's police interview, in which Carr relayed statements that R and defendant made during a confrontation at the bar where defendant worked; (3) testimony by Officer Smith as to statements that R made to him during a police interview; (4) a video recording of R's police interview, in which R described what happened; and (5) testimony by defendant's friend, Dixon, as to statements that R made to him after the incident. Defendant argues that all of that evidence was so obviously inadmissible hearsay that the trial court committed reversible error when it failed to intervene *sua sponte* to exclude it.[1]

We are to use "utmost caution" in exercising our discretion to correct "plain" errors. *State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) ("A court's decision to recognize unpreserved or unraised error

---

[1] To the extent that any of the evidence was admissible for a limited purpose, such as impeachment, defendant argues that the trial court should have given a limiting instruction for that evidence. That argument is subsumed in defendant's larger argument, so we do not address it separately.

in this manner should be made with utmost caution."). With respect to an issue like hearsay, we are especially reluctant to put trial courts in the position of having to constantly second-guess the decisions of trial attorneys as to what evidence to object to. There are numerous exclusions and exceptions to the hearsay rule, and, when no one has made a hearsay objection, trial courts typically are not expected to personally screen all testimonial and documentary evidence for possible hearsay objections. Even assuming *arguendo* that all of the now-challenged evidence would have been excludable under the hearsay rule, and even assuming *arguendo* that the admission of some of that evidence was not harmless, we would not exercise our discretion to grant a new trial in these circumstances.

Any fault in allowing the challenged evidence to be admitted lies with defendant's trial counsel, not the trial court. It is possible that trial counsel had a sound strategic reason not to object—although it is not immediately obvious what it would have been, at least with respect to some of the evidence. To the extent that trial counsel did not have a sound strategy, and defendant can show that the failure to object prejudiced him, defendant may have a claim for post-conviction relief. On direct appeal, however, we reject defendant's claims of plain error.

Affirmed.