No. 449 June 26, 2024 521

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHON TROY ABEL,
*Defendant-Appellant.*

Harney County Circuit Court
21CR02504; A178522

Robert S. Raschio, Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Defendant appeals from a judgment of conviction for felony fourth-degree assault constituting domestic violence (Count 1), ORS 163.160(3)(c), ORS 132.586; and harassment (Count 2), ORS 166.065(3). He raises one assignment of error, in which he argues that the trial court plainly erred by failing to instruct the jury that, to find defendant guilty, it had to find that defendant was at least criminally negligent as to the "physical injury" element of fourth-degree assault. The state argues that the trial court did not err, much less plainly err. We affirm.

We may consider an unpreserved error if the error is plain. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Defendant's argument that the trial court plainly erred rests on several cases that have held, in the context of second- and third-degree assault, that the charged mental state of "knowingly" does not attach to the physical injury element, because that mental state does not apply to result elements. *State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022); *State v. Owen*, 369 Or 288, 505 P3d 953 (2022); *see* ORS 161.085(8) (defining "knowingly" as attaching to conduct or to a circumstance). In that context, because each material element of a crime must have a corresponding mental state unless the legislature has expressly dispensed with one, *Owen* and *McKinney/Shiffer* held that juries must be instructed on a mental state of at least criminal negligence for the physical injury element. *Owen*, 369 Or at 321-22; *McKinney/Shiffer*, 369 Or at 333-34. Criminal negligence is the least culpable of three possible mental states that can apply to a result element. *Owen*, 369 Or at 296-97. By its definition, recklessness is another of the possible mental states that applies to a result element. ORS 161.085(9).

Based on that understanding of *Owen* and *McKinney/Shiffer*, we recently held that a trial court does not plainly err when it instructs a jury—as to a fourth-degree assault charge where the state has alleged that a defendant recklessly caused physical injury—that it must apply a mental state of recklessness for "causes physical injury," and does not give an instruction applying criminal

negligence to the physical injury element of that crime. *State v. Raney*, 331 Or App 693, 702, 547 P3d 172 (2024). We likewise conclude that the trial court did not plainly err in this case when it instructed the jury that, to find defendant guilty of fourth-degree assault, it had to find that defendant recklessly caused physical injury to the victim.

Affirmed.