No. 489 July 10, 2024 767

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BETSY JOANN LATHROP,
*Defendant-Appellant.*

Wallowa County Circuit Court
20CR44818; A178406

John L. Collins, Senior Judge.

Submitted May 31, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Defendant served as her elderly father's attorney-in-fact.[1] During the time that she was his attorney-in-fact, she spent about $111,000 of his money. The state's indictment alleged that much of that money was misappropriated for her own benefit. The indictment charged defendant with 20 counts of first-degree criminal mistreatment and eight counts of identity theft, and a jury convicted her of four counts of criminal mistreatment.

Defendant appeals. On appeal, she assigns error to the restitution imposed on two of the counts, arguing that the trial court was not authorized to impose an aggregated restitution amount when the jury could have convicted on any single transaction that was part of those counts. She argues that the trial court could impose restitution for only the transaction with the lowest dollar amount. The state contends that defendant's claims of error are not preserved, and that the errors, if any, are not plain.

We agree with the state that the claims of error are not preserved and that the error, if any, is not plain. At sentencing, defendant argued to the court that it *should not* impose the full amount of restitution requested by the state; however, she did not argue that the court could not impose the full amount as a matter of law. That is, defendant did not argue that the trial court lacked *authority* to impose restitution, or to determine an amount of restitution that was more than the value of the smallest transaction alleged for each count, as she now argues on appeal. We therefore conclude that defendant failed to preserve her claim of error. *See e.g.*, *State v. Reyes-Castro*, 320 Or App 220, 228-29, 511 P3d 1115, *rev den*, 370 Or 472 (2022) (claim of error not preserved for appeal when argument to trial court was fact-based and argument on appeal concerns court's legal authority).

Having concluded that the argument defendant raises on appeal is not preserved, we next address defendant's request that we address the matter as plain error. We conclude that any error is not obvious. *See State v.*

---

[1] When a power-of-attorney document is executed, the nominated person has power of attorney for the principal and the nominated person is called the principal's attorney-in-fact, or agent.

*McKinney*/*Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022) ("To constitute plain error, an error must (1) be one of law; (2) be obvious and not reasonably in dispute; and (3) appear on the face of the record."). As the state observes, it is reasonably in dispute whether the trial court lacked the authority to impose restitution on the two counts based on the jury's finding that defendant misappropriated her father's money for her own benefit. *See* ORS 137.106 (requiring restitution when a defendant has engaged in criminal activities, caused economic damages, and a causal relationship between the two exists); *see also State v. Andrews*, 366 Or 65, 76, 456 P3d 261 (2020) ("ORS 137.106(1)(a) does not permit an award of restitution unless a trial court can determine, from the record and the defendant's conviction, that the defendant committed the act that resulted in the victim's damages.").

Affirmed.