Argued and submitted June 6, reversed and remanded October 3, 2001

In the Matter of
Glenn Riley Burke, II, a Minor Child.

STATE ex rel STATE OFFICE FOR SERVICES
TO CHILDREN AND FAMILIES,
*Respondent,*

*v.*

Glenn Riley BURKE,
*Appellant.*

6313J; A108507

33 P3d 354

R. Brooke Holstedt argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Brewer, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Father appeals from a juvenile court order declaring that the court's jurisdiction over his child, G.B., had been established previously in this juvenile dependency proceeding. ORS 419B.100. The order also requires father to enroll in and successfully complete sex offender, alcohol/drug, and anger management treatment programs. Father argues that jurisdiction over G.B. has never been established and consequently, that the court was without authority to enter its orders as to him. We reverse.

Three of father's children are involved in a combined juvenile dependency proceeding, although only the youngest child is involved in this appeal. The youngest child, G.B., was born in June 1998. Immediately after his birth, the state, through the State Office for Services to Children and Families (SOSCF), filed a petition alleging that G.B. was within the jurisdiction of the court because of father's untreated sex offender status. Father's other children were already in foster care and were under the court's jurisdiction. G.B. was placed in protective custody pending the adjudication of the petition. Until the termination trial, no hearing was held specifically for the purpose of adjudicating the petition for the establishment of the court's jurisdiction over G.B.

In August 1998, SOSCF filed a petition in this case to terminate father's parental rights as to G.B., as well as his rights as to the other children. In September 1998, the trial court held a trial on the termination petition. The petition for termination was denied as to all the children in an order entered in November 1998. The court made findings of fact and conclusions of law, stating, in relevant part:

> "The State has failed to establish by clear and convincing evidence its allegations that Father is unfit as a parent within the meaning of ORS 419B.504.
>
> "* * * * *
>
> "The evidence does not establish that he is a danger to his children, once he received appropriate treatment. He is willing to undergo treatment, but has been unable to do so because of lack of funds."

SOSCF appealed from the denial of the termination petitions in November 1998.

■       While SOSCF's appeal was pending, the question arose as to whether jurisdiction had ever been established over G.B. A new petition regarding G.B. was filed in the trial court in this case on January 26, 1999, and an amended petition was filed on February 18, both seeking an adjudication of jurisdiction as to G.B. A hearing on the amended petition was held in June 1999. At that hearing, the trial court and counsel discussed the status of the court's jurisdiction over G.B., and the court found orally that,

> "[f]irst of all, as to the finding of jurisdiction, I find based on [the November 1998 judgment] as it relates to dad under paragraph 3 of [the trial court's] conclusions of law to father, he says that the evidence does not establish that he is a danger to his children, comma, once he received appropriate treatment. And that finding to me says that he did find that there was * * * a need for treatment. Or at least there was an order for treatment, and that [father] had not completed that treatment.
>
> "* * * * *
>
> "[Father] has tried to make whatever adjustment required but has been unable to do so because he is unable to pay for treatment, *which suggests to me that [the trial court] found jurisdiction*, found that there was a need to finish treatment. Or at least they had ordered that treatment. It had not been finished. But that did not rise to the level of facts sufficient to terminate parental rights, even though the Court had jurisdiction over this child as well as the others.
>
> *"So making that finding that the Court does have jurisdiction over the child,* [the court discusses the treatment options.]" (Emphasis added.)

The court's written order on the hearing on the amended petition was signed on October 1, 1999. It was not entered into the court record until November 1, 1999. The written order states:

> "The Court reviewed the file herein and had discussions with counsel in chambers, and makes the following findings:

"A. *The Court finds that jurisdiction was established upon* [*G.B.*] *on November 5, 1998*, based on the finding by [the trial court] at the termination hearing that the father was ordered to complete sex offender treatment and did not complete treatment (paragraph 3 of the Judgment). [*Counsel for mother and father*] *objected to the determination that* [*the trial court*] *previously found jurisdiction during the termination proceeding*.

"B. The Court further finds that based upon the jurisdiction being found, that the father complete certain conditions, to wit: sex offender treatment, alcohol/drug evaluation and recommended treatment, and anger management evaluation and recommended treatment.

"* * * * *

"IT IS HEREBY ORDERED that *jurisdiction has been established* upon [G.B.]" (Emphasis added.)

It is this order that is presently on appeal. Meanwhile, this court issued a judgment of dismissal[1] on October 8, 1999, dismissing SOSCF's appeal from the November 1998 judgment denying termination on the ground that the record did not show that jurisdiction had been established over G.B. The judgment states, in part:

"The juvenile court must find a child to be within the jurisdiction of the court before it may consider a petition to terminate parental rights as to that child. It appears from the record in this case that *the juvenile court did not find* [*the child*] *to be within the jurisdiction of the court either before or as a part of this termination of parental rights proceeding*. The court is informed that SOSCF has filed or is prepared to file a petition seeking to find that [G.B.] is within the jurisdiction of the juvenile court. However, the pendency of this appeal as to him deprives the juvenile court of jurisdiction to proceed on that petition. Therefore, the court on its own motion dismisses this appeal as to [G.B.]" (Emphasis added.)

---

[1] Our order is captioned, "Order of Dismissal as to [G.B.] and Appellate Judgment." It contains the statement, "Therefore, the court on its own motion dismisses this appeal as to [G.B.] and directs the State Court Administrator forthwith to issue an appellate judgment based on this order." It also states, "[a]ppellate judgment effective date: October 8, 1999," which is the date the order was signed. We treat the order as a judgment, which means that jurisdiction vested in the trial court again on that date.

After father's appeal was filed, the state moved for a summary determination of the appealability of the order on appeal on the ground that it was based on a hearing that occurred during the pendency of the appeal of the denial of the termination petitions and that the trial court was without jurisdiction to hear the matter under ORS 19.270 and ORS 419A.200. In an order, Judge Deits ruled that:

> "[t]he critical event was the juvenile court's *entry of an order* finding that it had jurisdiction of the child and making a disposition of the matter, and not the hearing on which the order arose. Therefore, the court determines that the order being appealed is final and appealable." (Emphasis added.)

We agree with Judge Deits's ruling. ORS 3.070 states, in part:

> "If signed other than in open court, all such orders, findings, judgments and decrees issued, granted or rendered, other than orders not required to be filed and entered with the clerk before becoming effective, shall be transmitted by the judge to the clerk of the court within the county where the matters are pending. They shall be filed and entered upon receipt thereof and shall become *effective from the date of entry in the register*." (Emphasis added.)

Thus, the trial court had jurisdiction to enter the November 1999 order, because jurisdiction had been returned to the trial court on October 8, 1999.

Father argues that the November 1998 order does not contain a finding of jurisdiction over G.B., that this court so held in October 1999, and that therefore the trial court's contrary finding is error. Father's argument implicates the "law of the case" doctrine. That doctrine provides that a trial court is precluded within a case from adjudicating an issue decided in a previous appeal in that case. *State v. Pratt*, 316 Or 561, 569, 853 P2d 827, *cert den* 510 US 969 (1993). In *Pratt*, the court said:

> "It is a general principle of law and one well recognized in this state that when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive

both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review." *Pratt*, 316 Or at 569, *quoting Simmons v. Wash. F. N. Ins. Co.*, 140 Or 164, 166, 13 P2d 366 (1932).

Here, the trial court was precluded by the law of the case from ruling, contrary to our ruling on appeal, that the trial court acquired jurisdiction over G.B. in 1998. The question then becomes whether the trial court was authorized to order father to become involved in treatment programs before G.B. had been adjudicated to be within the court's jurisdiction under ORS 419B.100.

■   Under the framework provided in ORS chapter 419B, the trial court's authority to order a parent to undergo treatment depends on a finding of jurisdiction over the child. Specifically, ORS 419B.385 provides:

"A parent or legal guardian of any child found to be within the jurisdiction of the court as provided in ORS 419B.100, if such parent or guardian was served with summons under ORS 419B.265, 419B.268 and 419B.271 prior to the adjudication, shall be subject to the jurisdiction of the court for purposes of this section. The court may order the parent or guardian to assist the court in any reasonable manner in providing appropriate education or counseling for the child."

Additionally, ORS 419B.387 provides:

"If the court finds in an evidentiary hearing that treatment or training is needed by a parent to correct the circumstances that brought the child within the jurisdiction of the court or to prepare the parent to resume the care of the child, the court may order the parent to participate in the treatment or training if the participation is in the child's best interests."

When read together, it is apparent that a court first must find the child subject to the jurisdiction of the court before the child's parent can be made a party subject to the court's jurisdiction and orders.

The state argues that the trial court in issuing its November 1999 order was not relying on a previous finding of

jurisdiction in the termination case. However, the clear language of the November 1999 order itself belies that understanding, as do the parties' objections, as recorded in the order. The order states that, "jurisdiction *was established upon the child on November 5, 1998,*" that, "it is hereby ordered that jurisdiction *has been* established upon the child," and that counsel for father and mother object "to the determination that [the trial court] *previously found jurisdiction* during the termination proceeding." (Emphasis added.) As the order itself states, "the determination [was] that [the trial court] previously found jurisdiction during the termination proceeding." Without jurisdiction over G.B., the trial court was without authority to enter the order regarding father.[2]

■     Alternatively, SOSCF invites us to review the record, make an initial determination that it supports jurisdiction over G.B., and to affirm the trial court's order on that ground. Although we have *de novo* review in juvenile cases, ORS 419A.200(5); ORS 19.415(3); we decline SOSCF's invitation. In this case, there has never been a hearing in which the parties put on witnesses, cross-examined each other's witnesses, offered evidence specifically as to the court's jurisdiction over G.B., and made arguments to the court on that issue. More to the point, no court has made findings of fact as to the existence of one of more of the jurisdictional factors found in ORS 419B.100. In the absence of such a hearing and findings, we prefer as a matter of policy to provide the parties and the trial court with the opportunity to do so in the first instance.

Reversed and remanded.

---

[2] This ruling applies only to this case and not to any other cases involving father's children.