***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 24; reversed and remanded for entry of judgments omitting order for psychological evaluation, otherwise affirmed April 26, 2023

In the Matter of R. J. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

R. J. M.,
*Respondent,*

*v.*

H. G. M.,
aka H. M.,
aka H. G. M.,
aka H. M.,
*Appellant.*

Columbia County Circuit Court
22JU03312; A179779 (Control)

In the Matter of L. D. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

L. D. M.,
*Respondent,*

*v.*

H. G. M.,
aka H. M.,
aka H. G. M.,
aka H. M.,
*Appellant.*

Columbia County Circuit Court
22JU03313; A179780

In the Matter of B. N. K. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

B. N. K. M.,
*Respondent,*

*v.*

H. G. M.,
aka H. M.,
aka H. G. M.,
aka H. M.,
*Appellant.*

Columbia County Circuit Court
22JU03314; A179781

Michael T. Clarke, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for respondent children.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded for entry of judgments omitting order for psychological evaluation; otherwise affirmed.

**PAGÁN, J.**

In this consolidated juvenile dependency appeal, mother challenges the juvenile court's order that she undergo a psychological evaluation. ORS 419B.387 authorizes a juvenile court, following an evidentiary hearing, to order a "parent to participate in the treatment or training" that "is needed by a parent to correct the circumstances that resulted in wardship or to prepare the parent to resume the care of the ward." Mother contends that the psychological evaluation ordered by the juvenile court was not "needed" by mother to address the jurisdictional bases she admitted. We agree with mother and therefore reverse and remand the judgments of jurisdiction and disposition over mother's children with instructions to enter judgments without the order for mother's psychological evaluation.

In July 2022, the Department of Human Services (DHS) removed mother's three children from her care following her arrest for driving under the influence of alcohol while one of the children was in the car. After DHS filed the dependency petitions, mother admitted to several bases for dependency jurisdiction—*viz.*, substance abuse that interfered with mother's ability to safely parent the children; exposure to domestic violence; and communication and trust issues between mother and children, which required therapeutic services.

Immediately after mother's admissions, the juvenile court continued with the hearing to consider DHS's requests for dispositional orders, including a request that mother submit to a "psychological evaluation that would include parent-child interaction studies." The court received evidence in the form of the DHS pretrial conference report, a report by the court-appointed special advocate, and testimony of a DHS caseworker.[1]

At the time of the hearing, mother was already engaged in several services, including substance abuse treatment, mental health treatment, and domestic violence

---

[1] The DHS pretrial conference report included evidence that mother had been referred to substance abuse services by DHS in 2018, 2021, and 2022, and noted concerns about mother's dishonesty and minimization of alcohol abuse.

education. DHS was in the process of securing skills training and counseling for each of the children.

The DHS caseworker testified that DHS wanted mother to have the evaluation because it was concerned that proceeding without the evaluation could "hold up" later developments in the cases. The caseworker specifically highlighted the "parent-child interaction" and explained that the children's therapy would not cover that topic; the caseworker also noted the two older children's "fear of the home or fear of what had happened" as justification for seeking the psychological evaluation.

On cross-examination, the caseworker admitted that because there would be no separate evaluation of the children, mother's evaluation would not necessarily explain the reasons why her children reacted in a particular way. The caseworker did not explain what additional services would be recommended to mother, instead stating that "hopefully the psychologist would be able to give [DHS] recommendations on what kind of therapy, family therapy, or other services that might help repair that relationship."

After testimony from the caseworker, the court ruled on the request for a psychological evaluation and stated:

> "So, with regard to the psychological evaluation, it sure does sound like it would be very beneficial to the reunification process and it certainly sounds like it's rationally related. It's reasonable. So, at this point the Court is going to order that mother does follow the services or engage in those services that ODHS has described here on the record, including the requirement of engaging in that psychological evaluation.

> "Yeah, I think it's important for her and for the entire plan for her to be reunified with the children as soon as possible and with everybody I think agreeing that that is the case, I tend to agree as well. So, the objection is overruled."

As each juvenile case is different, determining whether a parent needs a specific treatment is a "fact-specific inquiry that depends on the circumstances of each individual case, and [the juvenile court's] finding of need must be grounded in the evidence presented at the evidentiary

hearing." *Dept. of Human Services v. F. J. M.*, 370 Or 434, 447, 520 P3d 854 (2022). The consequence of that reality is that, in large part, our review is of the juvenile court's findings for any evidence in the record. And yet, whether an order for treatment or training is authorized by ORS 419B.387 is ultimately a legal conclusion that we review for errors of law. *Dept. of Human Services v. D. R. D.*, 298 Or App 788, 790-91, 450 P3d 1022 (2019).

Although children argue that mother's assignments of error are not preserved, we reject that contention for two reasons. First, after DHS moved to order the evaluation, mother's counsel responded that:

> "Legally, in a juvenile dependency matter, the—you know, the reason that [the psychological evaluation] would be done would be to determine if there are services for the parent that needed to be in place. Right now, there's— every service possible that could relate to the allegations are in place for her and she's willing to go forward with the family therapy, at such time as that can be put in place. So, it's not clear that a psychological evaluation of my client is warranted in this particular case."

That response raised the issue (whether the evaluation was warranted) and identified an argument (that the evaluation was not related to the jurisdictional basis alleged), which was certainly sufficient to put the question squarely before the juvenile court, and thus, preserve the matter for appellate argument. *See State v. McKinney/ Shiffer*, 369 Or 325, 332-33, 505 P3d 946 (2022) (citing *State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988), for explanation of three tiers for preservation and rationale for prudential preservation rule).

Second, the children's contention that mother argued only that the decision to order the evaluation should be "held in abeyance" is contextually inaccurate and misses the legal significance of mother's argument. Although it is true that mother suggested that the decision on the evaluation could be deferred until later, that suggestion occurred in the broader discussion of whether the juvenile court should *on that day* order the evaluation. The suggestion that the court could "revisit [the evaluation order] as we see how services go forward" cannot be fairly read in context as waiving the

argument as to whether the psychological evaluation was supported by evidence that demonstrated a *present* need for the evaluation order. Moreover, the touchstone for questions regarding a court's jurisdiction over a child is whether the conditions and circumstances present a threat of harm that is "current and nonspeculative." *Dept. of Human Services v. L. E. F.*, 307 Or App 254, 258, 476 P3d 119 (2020), *rev den*, 367 Or 559 (2021). A juvenile court is without authority over a parent unless and until the court finds the child within its jurisdiction under ORS 419B.100. *State ex rel SOSCF v. Burke*, 177 Or App 24, 30, 33 P3d 354 (2001). It follows that if the threat of present harm is the touchstone for jurisdiction over a child, when a parent argues that a certain treatment is not warranted on that day, the court must assess whether, at the time of the dispositional hearing, the treatment is needed to ameliorate the conditions giving rise to the court's jurisdiction over a child. Thus, when mother argued that the psychological evaluation was not warranted at the time of the hearing and the decision could be made later, she challenged the present need for that treatment, and thus preserved her argument for appeal.

After the jurisdictional hearing was held and jurisdictional and dispositional judgments were entered in these cases, the Oregon Supreme Court issued its opinion in *F. J. M.,* which clarified the standard for a juvenile court to order certain treatments. After concluding that a psychological evaluation can indeed constitute a "treatment" within the meaning of ORS 419B.387, the Supreme Court then explained that a juvenile court may only order treatments that are *needed* by the parent. *F. J. M.*, 370 Or at 447-48. To be "needed" by the parent, the treatment must be "more than tenuously" linked to the jurisdictional bases that the treatment is being ordered to correct, and the reasons for treatment must be "based in and supported by the evidentiary record." *Id.* at 448.

In *F. J. M.*, the father was ordered to undergo a psychological evaluation, despite already participating in mental health and substance abuse counseling, because the evidence tended to show that the father was not able to separate himself, and keep the children safe, from the mother. *Id.* at 452. The Supreme Court concluded that, in

the particulars of that case, the juvenile court's order was not a "discovery tool to determine *if* [the] father had a need for treatment or training," rather the evaluation was needed as a diagnostic tool to determine why the father was unsuccessful in correcting the circumstances that gave rise to the wardship, despite the family's years-long history with DHS intervention.[2] *Id.* (emphasis in original).

Here, mother admitted to jurisdictional bases involving substance abuse, domestic violence, and severely strained communication and trust between herself and children. The DHS caseworker's testimony consistently referred to how the psychological evaluation *might* help in the future of the dependency cases, but without tying those future potentials back to the present jurisdictional bases admitted by mother. Although, like in *F. J. M.*, there was evidence that mother had not completed DHS-referred substance abuse services in the past, that evidence did not provide a basis to infer why mother was unsuccessful in substance abuse services. In contrast, the father in *F. J. M.* admitted that he did not "know how to fix" his substance abuse, which provided a basis to infer that the evaluation would help the father rectify his substance abuse. *Id.* at 452.

It may well be that a psychological evaluation could help mother and children in the future, but based on the record before the juvenile court, there was an insufficient nexus between the jurisdictional bases, the evidence, and the treatment ordered by the court. There was no evidence presented that explained why the psychological evaluation was a predicate component of other services mother was already engaged with or required to enhance the efficacy of those services, nor was there a suggestion that those other services left any of the admitted jurisdictional bases unaddressed. *See, e.g.*, *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 776, 501 P3d 44 (2021) (psychological evaluation may be ordered if predicate to other treatment and treatment is needed to correct circumstances for juvenile jurisdiction).

---

[2] The father in *F. J. M.* acknowledged to a DHS caseworker that he did not "know how to fix" his substance abuse and prior rejection of resources and services. *Id.* at 452. That acknowledgment provided a nonspeculative basis to infer that the evaluation was needed to correct some of the bases for jurisdiction over the children.

In other words, the evidence that was presented here did not demonstrate that mother "needed" the psychological evaluation to rectify any condition giving rise to the juvenile court's jurisdiction over her children. The juvenile court erred by ordering mother to participate in the psychological evaluation without a sufficient evidentiary basis to do so.

Reversed and remanded for entry of judgments omitting order for psychological evaluation; otherwise affirmed.