Submitted on remand August 5; in Case No. 17CR27612, Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed; in Case No. 17CR56799, remanded for resentencing, otherwise affirmed; in Case No. 17CR56804, remanded for resentencing, otherwise affirmed October 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN DOUGLAS HATCHELL,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR27612, 17CR56799, 17CR56804;
A167972 (Control), A167973, A167974

519 P3d 563

Defendant appealed judgments of conviction in three consolidated cases. In a prior opinion, the Court of Appeals affirmed those convictions. The Supreme Court vacated that opinion and remanded the case for reconsideration in light of *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022). The Supreme Court's remand implicated only defendant's second-degree assault conviction in one of the consolidated cases. As to that conviction, defendant argued that the trial court erred in refusing to instruct the jury on a culpable mental state for the serious physical injury element of that charge. *Held*: The trial court plainly erred in failing to instruct the jury that the mental state of criminal negligence applied to the serious physical injury element of the second-degree assault count, the error was not harmless, and it was appropriate for the Court of Appeals to exercise its discretion to correct that error.

In Case No. 17CR27612, Count 1 reversed and remanded; remanded for sentencing, otherwise affirmed. In Case No. 17CR56799, remanded for resentencing; otherwise affirmed. In Case No. 17CR56804, remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Hatchell*, 369 Or 855, 512 P3d 446 (2022).

Kenneth R. Walker, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

In Case No. 17CR27612, Count 1 reversed and remanded; remanded for resentencing, otherwise affirmed. In Case No. 17CR56799, remanded for resentencing; otherwise affirmed. In Case No. 17CR56804, remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

This case is before us on remand from the Supreme Court. In a consolidated appeal, defendant challenged judgments of conviction for one count each of second-degree assault constituting domestic violence and coercion constituting domestic violence (Case No. 17CR27612); one count of tampering with a witness (Case No. 17CR56799); and two counts of first-degree rape constituting domestic violence, seven counts of fourth-degree assault constituting domestic violence, seven counts of strangulation constituting domestic violence, and two counts of coercion constituting domestic violence (Case No. 17CR56804). We affirmed defendant's convictions in a per curiam opinion. *State v. Hatchell*, 309 Or App 348, 481 P3d 413 (2021), *vac'd and rem'd*, 369 Or 855, 512 P3d 446 (2022) (*Hatchell I*). The Supreme Court allowed review, vacated our opinion, and remanded the case to us for reconsideration in light of *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022). *State v. Hatchell*, 369 Or 855, 512 P3d 446 (2022) (*Hatchell II*).

We first note that the Supreme Court's remand only implicates defendant's assignments of error three through five. Thus, with respect to defendant's assignments of error one, two, six, and seven, we readopt that aspect of our prior opinion and reject those assignments of error.[1] That conclusion disposes of defendant's challenges to his convictions in Case No. 17CR56799 and Case No. 17CR56804; thus, we affirm the convictions in those cases.

In assignments of error three through five, defendant argued that the trial court erred in its jury instruction for the second-degree assault count in Case No. 17CR27612. Defendant argued that the trial court was required to

---

[1] In assignments of error one and two, defendant challenged the trial court's decision consolidating his cases for trial and refusing to sever one of those cases for a separate trial. We rejected those assignments of error without written discussion. In assignments of error six and seven, defendant argued that the trial court erred in giving a nonunanimous jury instruction and that such error was structural error requiring a new trial. We rejected defendant's structural error argument and concluded that the trial court's error in giving the instruction was harmless because the jury returned unanimous verdicts. *Hatchell I*, 309 Or App at 349.

instruct the jury on a culpable mental state with respect to the serious physical injury element of that crime, and that the court erred in not giving his two proposed jury instructions which would have told the jury to apply either an intentionally or knowingly mental state to that element. Defendant also argued on appeal that, if either the intentionally or knowingly mental state did not apply, then the trial court plainly erred in failing to instruct the jury that the mental state of criminal negligence applied to the injury element. In our original opinion, we rejected defendant's arguments without discussion, because they were foreclosed by the Supreme Court's opinion in *State v. Barnes*, 329 Or 327, 986 P2d 1160 (1999), *overruled in part by State v. Owen*, 369 Or 288, 505 P3d 953 (2022). In light of the Supreme Court's action in *Owen*, overruling *Barnes* in part, we conclude on remand that the trial court plainly erred in failing to instruct the jury that the mental state of criminal negligence applied to the serious physical injury element of the second-degree assault count, that the error was not harmless, and that it is appropriate to exercise our discretion to correct that error. Accordingly, we reverse and remand the second-degree assault conviction in Case No. 17CR27612.

Additionally, because the three cases were consolidated for trial and appeal, and the trial court sentenced defendant on all three cases together, we remand all three cases for resentencing. *State v. Sheikh-Nur*, 285 Or App 529, 540, 398 P3d 472, *rev den*, 361 Or 886 (2017) (where multiple cases were tried together, error required resentencing on all cases); *see also* ORS 138.257(4)(a)(A) ("The appellate court shall remand the case to the trial court *** [i]f the appellate court, in a case involving multiple convictions, reverses at least one conviction and affirms at least one other conviction.").

In reviewing whether a trial court erred in refusing to give a requested jury instruction, we "in part determine[] whether the record, viewed in the light most favorable to the proponent of the instruction, supported giving the instruction." *Owen*, 369 Or at 290. In addition, to determine whether instructional error was harmless, we "consider[] in part the context of the evidence and record at trial, including the parties' theories of the case." *Id*. (internal quotation

marks omitted). With those standards in mind, we recount the relevant portions of the record.

In March 2017, defendant came home to find that K had packed her belongings and was intending to leave their shared household. Defendant became angry and started hitting K "all over the place," threw her to the ground, and kicked her repeatedly in the face. K was in the fetal position asking defendant to stop. She was bleeding from the face, and at one point she felt that her face "broke" and, at the end, she could not see out of one eye. K also said that it was defendant's shin or the front of his leg that caused her facial injuries. At trial, K did not know if defendant was wearing shoes when he kicked her, but thought he probably was.

Defendant then would not let K leave their basement bedroom, because he did not want anyone to see her. After five or six days, K convinced defendant that she could cover up the injury with makeup and a story so that she could go to work. Once at work, K was sent home because of her appearance, and she went to a friend's house. At that point, K's face was black, blue, yellow and swollen, her eye was bloodshot, and she had a big purple mark behind her ear. K's friend took her to the emergency room, and she was diagnosed with a right orbital blowout fracture, which is multiple fractures around the eye socket such that part of the orbital contents protrude down, and facial contusions. K required facial reconstruction surgery, which included the placement of two metal plates in her face. At the time of trial, in February 2018, K still did not have feeling on the right side of her face or inside her mouth.

As relevant here, defendant was indicted for second-degree assault, constituting domestic violence, based on his "unlawfully and intentionally and knowingly caus[ing] serious physical injury to [K]" and that defendant and the victim "were family or household members as defined by ORS 135.230(4)."[2] Defendant's theory of the case relative to second-degree assault was that he did not possess the requisite intent for that level of assault particularly since K's

_____

[2] ORS 163.175(1)(a) provides that "[a] person commits the crime of assault in the second degree if the person *** [i]ntentionally or knowingly causes serious physical injury to another[.]"

injuries were caused by incidental contact with his shin and not his foot from the kick. Defendant asked the trial court to instruct the jury that, to find that he acted intentionally, it had to find that defendant "act[ed] with a conscious objective to cause the serious physical injury alleged," and, to find that defendant acted knowingly, that it had to find that defendant "act[ed] with an awareness that his conduct [wa]s causing serious physical injury to another." Defendant argued that the trial court should give his requested instructions because the reasoning in *Barnes* had been implicitly overruled by subsequent case law. The trial court rejected those requested instructions, concluding that *Barnes* was still controlling law.

As relevant here, the court instructed the jury that the state had to prove that defendant "intentionally or knowingly caused serious physical injury to [K]" and that, for "the phrase 'intentionally caused serious physical injury to [K],' 'intentionally' means that [defendant] acted with a conscious objective to cause serious physical injury to [K] or to engage in assaultive conduct" and that for "the phrase 'knowingly caused serious physical injury to [K], 'knowingly' means the defendant acted with an awareness that his conduct was assaultive in nature." The jury was also instructed that "serious physical injury' means a physical injury that causes serious and protracted disfigurement, causes protracted impairment of health, or causes protracted loss or impairment of the function of any bodily organ." The court did not instruct the jury on a meaning for "assaultive conduct" or "assaultive in nature."

On appeal, defendant assigns error to the trial court's refusal to give an instruction that it had to find that defendant intended to cause or knew that his conduct was causing serious physical injury. In the alternative, defendant argues that the trial court plainly erred in failing to instruct the jury that the mental state of criminal negligence applied to the serious physical injury element of the crime, because that is the minimum mental state that applies for result elements of crimes.

We start our discussion with *Owen* and *McKinney/Shiffer*. In *Owen*, the Supreme Court overruled *Barnes*, in

part, and held that the physical injury element in second-degree assault is a result element which carries, at a minimum, a culpable mental state of criminal negligence. The court further held that a trial court errs when it does not instruct the jury that the defendant must act with a culpable mental state as to the injury element. *Owen*, 369 Or at 321-22. However, the court "adhere[d] to the holding in *Barnes* that the 'knowingly' culpable mental state does not apply to the injury element." *Id.* at 321; *see also generally State v. Carlisle*, 370 Or 137, 515 P3d 867 (2022) (explaining the holistic approach used to discern whether the legislature intended the knowingly mental state to apply to an element of a crime). In *McKinney/Shiffer*, issued the same day as *Owen*, the Supreme Court held that the trial court's failure to instruct the jury on a culpable mental state for the injury element in assault was plain error. 369 Or at 333-34.

Applying those cases here, the trial court erred in failing to instruct the jury on a culpable mental state for the injury element in the second-degree assault count. Under *Owen*, 369 Or at 321, the court did not err in rejecting defendant's proffered jury instruction that would have applied the knowingly mental state to that element.[3] But, under *McKinney/Shiffer*, 369 Or at 333-34, the court plainly erred in failing to instruct the jury that the culpable mental state of criminal negligence applied to the injury element, because here, like in those cases, the trial court's error was based on its reliance on *Barnes*, a case that defendant specifically called into question with his argument. *See State v. Jury*, 185 Or App 132, 137, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("The 'benchmark' for error is the law existing as of the time the appeal is decided."). We further conclude that it is appropriate to exercise our discretion to correct that plain error in this case, because, as explained below,

_____

[3] We do not address defendant's assignment of error to the trial court's failure to give his jury instruction applying the intentionally mental state to the serious physical injury element of the second-degree assault count. As charged and instructed, the jury only had to find that defendant acted knowingly to find him guilty of second-degree assault. Any potential error by the trial court in failing to instruct the jury that defendant had to act intentionally with respect to the serious physical injury element to find that he acted intentionally in committing the assault was harmless error, because the jury was also instructed that "[k]nowledge is also established if a person acts intentionally."

the error was not harmless. *Cf. State v. Chemxananou*, 319 Or App 636, 640, 510 P3d 954 (2022) (declining to correct plain error, if any, of trial court's failure to instruct on a culpable mental state for the injury element in first-degree criminal mistreatment, because any error was harmless).

In determining whether instructional error was harmless, "we consider the instructions 'as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue.'" *Owen*, 369 Or at 323 (quoting *State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020)). A party is prejudiced by instructional error if "the trial court's failure to give the requested instruction probably created an erroneous impression of the law in the minds of the members of the jury, and if that erroneous impression may have affected the outcome of the case." *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106-07, 957 P2d 147 (1998).

Criminal negligence requires that the defendant "fail[ed] to be aware of a substantial and unjustifiable risk that the result will occur" and "[t]he risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10). Here, in finding defendant guilty of second-degree assault, the jury necessarily found that he acted with an awareness that his conduct—which involved repeatedly hitting K and then kicking K in or near her face while she was on the floor—was "assaultive in nature." However, without any instruction on what "assaultive in nature" means, we cannot say that the instructional error was harmless. There was nothing in the jury instructions that would have caused the jury to necessarily find that defendant failed to be aware of a substantial and unjustifiable risk that K would suffer *serious* physical injury—which, as instructed, is "a physical injury that causes serious and protracted disfigurement, causes protracted impairment of health, or causes protracted loss or impairment of the function of any bodily organ"—or that such risk was of such a nature and degree that a failure to be aware of it constitutes a gross deviation from the standard of care. *See McKinney*/*Shiffer*, 369 Or at 335-36 (in the *Shiffer* case, the failure to instruct

on a culpable mental state for the serious physical injury element of second-degree assault was not harmless where the defendant punched the victim once in the cheek); *cf. Owen*, 369 Or at 324 (error in failing to give jury instruction on mental state for injury element of second-degree assault was harmless where, based on other jury instructions, the jury found that the defendant knew that his conduct was assaultive and knew the weapons he used were "readily capable of causing serious physical injury").

Defendant's theory of defense was that he did not have the requisite mental state to be convicted of second-degree assault, because K's injuries resulted from incidental contact with his shin. Had the jury agreed that the shin contact caused the injury, we cannot be certain that the jury would have found that that incidental contact reflected a failure to be aware of the risk of "serious physical injury"—that is, a substantial and unjustifiable risk of protracted disfigurement, impairment of health, or loss or impairment of the function of any bodily organ. Given defendant's conduct here, the jury could have found that he acted with the requisite criminal negligence as to that element. However, that conduct in context with the given jury instructions does not lead us to a conclusion that the jury necessarily so found when it returned its guilty verdict for second-degree assault in this case. In coming to that conclusion, we emphasize that our task here does not involve looking at the evidence as a factfinder and making that assessment ourselves; rather we must consider whether the failure to give the instruction may have affected the outcome of the case. Because we so conclude, we reverse and remand the second-degree assault count in Case No. 17CR27612.

In Case No. 17CR27612, Count 1 reversed and remanded; remanded for resentencing, otherwise affirmed. In Case No. 17CR56799, remanded for resentencing; otherwise affirmed. In Case No. 17CR56804, remanded for resentencing; otherwise affirmed.