No. 950         December 26, 2024         157

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEAN BLAINE JAMES,
Defendant-Appellant.

Lane County Circuit Court
22CR52218; A180916

Charles M. Zennaché, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for second-degree assault, ORS 163.175. She argues[1], and we agree, that the trial court plainly erred by failing to instruct the jury as to the requisite mental state for the elements of physical injury and dangerous weapon. *See* ORS 163.175(1)(b); *State v. Owen*, 369 Or 288, 296, 505 P3d 953 (2022) (jury must be instructed as to requisite mental state for each material element of a crime).

However, we must affirm despite the trial court's error "if we determine that 'there was little likelihood that the error affected the verdict.'" *State v. Shedrick*, 370 Or 255, 270, 518 P3d 559 (2022) (quoting *Owen*, 369 Or at 323). Given that defendant stabbed the victim with the blade of a disassembled scissors—up to its handle—near the victim's collarbone, there is little likelihood that the jury would have found that defendant was not at least negligent to the risk the victim would be injured. ORS 161.085(10); *State v. Scatamacchia*, 323 Or App 31, 35, 522 P3d 26 (2022), *rev den*, 370 Or 827 (2023) (considering whether the circumstances "gave rise to a substantial risk" that the victim of assault would be injured). Nor could a jury plausibly have concluded that defendant was not aware that the blade of a scissors, when stabbed near someone's collarbone, was "readily capable of causing death or serious physical injury." ORS 161.015(1).

Affirmed.

---

[1] We reject defendant's third assignment of error because, as defendant acknowledges, it is foreclosed. *State v. Sawatzky*, 339 Or 689, 125 P3d 722 (2005).