314 September 10, 2025 No. 801

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEE MILLS HUCKABEE,
*Defendant-Appellant.*

Coos County Circuit Court
21CR52266; A178166

Andrew E. Combs, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

This is a criminal appeal in which defendant seeks reversal of his convictions for seven counts of varying degrees of assault and two counts of unlawful use of a weapon (UUW).[1] In a plain-error posture and in eight assignments of error, defendant asserts that the trial court erred by failing to instruct the jury that a culpable mental state requirement applies to the injury element of assault and to the dangerous weapon elements of assault and UUW.

The state concedes that the trial court plainly erred by not instructing the jury on the culpable mental state as to the injury element in the three convictions for second-degree assault (Counts 2, 3, and 8), but it contends that defendant did not prove the requisite prejudice that would warrant plain-error review. We accept the state's concessions as to Counts 2, 3, and 8, but are not persuaded to exercise our discretion to correct the errors on this record. We also conclude that the failure to instruct the jury on a culpable mental state as to the dangerous weapon element of second-degree assault was plain error, but are likewise not persuaded to exercise our discretion to correct that error. Finally, the failure to instruct the jury as to a culpable mental state for the injury elements of first-degree assault, fourth-degree assault, and the dangerous weapon element of first-degree assault and UUW were not plain errors because they are either not obvious or not beyond reasonable dispute, or they are not apparent on this record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."). Therefore, we affirm.

Defendant was convicted of seven counts of assault, two counts of UUW, and two counts of recklessly endangering

---

[1] Defendant was convicted of one count of first-degree assault, ORS 163.185 (Count 1); three counts of second-degree assault, ORS 163.175 (Count 2, 3, and 8); three counts of fourth-degree assault, ORS 163.160 (Counts 4, 10, and 14); two counts of UUW, ORS 166.220 (Counts 5 and 15); and two counts of recklessly endangering another person, ORS 163.195 (Counts 6 and 12). Defendant appeals his convictions in counts 1 through 5, count 8, count 10, count 14, and count 15. We note that both ORS 163.185 and ORS 163.160 have been amended since defendant committed his crimes; however, because those amendments do not affect our analysis, we refer to the current version of the statutes in this opinion.

another person following a domestic violence altercation involving his stepfather D, mother G, and twin brother L. Defendant was loudly preaching on the family's porch, and G and D tried to persuade defendant to quiet down or leave. When G placed her hands on defendant's hair, he punched her in the face, causing her to briefly lose consciousness and her teeth to go through her lip, requiring multiple layers of stitches. When G regained consciousness, she heard what she described as "wet hitting," and eventually saw D on the ground, unconscious with his face covered in blood. D suffered multiple orbital bone fractures, a broken nose that required surgery, and a traumatic brain injury. Neither G nor D remembered seeing defendant holding any object to hit the two of them.

Defendant's twin brother L saw defendant punch G in the stomach twice from above while she lay on the ground. L tackled defendant to the ground and punched him repeatedly. As L tried to get G and D into the house, defendant struck L in the neck twice with a black handled object. Defendant and L again fought and, as defendant tried to enter the house, L grabbed a BB gun and swung it at defendant. They wrestled briefly before neighbors came to assist G and D, and defendant eventually ran away.

At trial, defendant asserted a theory of self-defense regarding his altercations with L, and argued that G and D sustained their injuries when D tripped and fell into G. The jury was instructed on the plain language of each applicable statute, as well as on definitions for each culpable mental state and various elements. As an example, for second-degree assault, the jury was instructed as follows:

> "Oregon law provides that a person commits the crime of assault in the second degree if the person knowingly causes serious physical injury to another. In this case, to establish assault in the second degree, the state must prove beyond a reasonable doubt the following elements: (1) The act occurred on or about May 8, 2021; and (2) [Defendant] knowingly caused serious physical injury to [victim]."

The jury was not instructed that a culpable mental state must be found for each material element of the offense. Defendant did not object to the jury instructions at trial,

but now argues on appeal that the trial court plainly erred by failing to instruct the jury that the culpable mental state applies to the injury element of assault and to the dangerous weapon element of assault and UUW.

We agree with defendant that, as the state concedes, not instructing the jury on a culpable mental state for the injury element of second-degree assault was plain error. *State v. Owen*, 369 Or 288, 322-23, 505 P3d 953 (2022) (holding that the result element of second-degree assault is a material element that requires proof of at least criminal negligence, and that the defendant was entitled to such an instruction); *see also State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022) (holding that a trial court's failure to instruct the jury on a minimum culpable mental state of criminal negligence for second-degree assault constituted plain error because the error is one of law, is obvious and not reasonably in dispute, and was apparent on the record).

Defendant urges us to extend the reasoning of *Owen* and *McKinney/Shiffer* to conclude that the lack of a jury instruction on the culpable mental state for the result element of first-degree and fourth-degree assault is likewise plainly erroneous. We decline to do so on this record. The alleged errors are not apparent on this record because the culpable mental states that attach to first-degree and fourth-degree assault—intentionally and recklessly, respectively—are distinguishable from knowingly. The definitions of both those mental state, unlike the definition of knowingly, incorporate some objective to cause a particular result.[2] Because the jury was instructed on the culpable mental state definitions and the elements of those offenses, we are not prepared to conclude that any error is apparent on this record.

The same reasoning applies to the dangerous weapon element of first-degree assault; that is, the jury instructions for the definition of intentionally and the

---

[2] The jury instructions included the following definitions for (1) intentionally, and (2) recklessly: (1) "A person acts 'intentionally' or 'with intent' when that person acts with a conscious objective to cause a particular result or engage in particular conduct;" (2) "A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk that a particular result will occur or circumstance exists."

elements of the crime, taken together, could have informed the jury of the requisite culpable mental state as to the dangerous weapon element of the offense, and error, thus, is not apparent on this record. Because those errors are not apparent on this record given the combined instructions, we conclude that any errors in failing to instruct the jury on the culpable mental state for the result element of first-degree and fourth-degree assault and the dangerous weapon element of first-degree assault were not plain.

Defendant also contends that the trial court plainly erred in not instructing the jury on the culpable mental state regarding the dangerous weapon element of second-degree assault, and we agree. We have previously held that a trial court errs in not instructing the jury that it "was required to find that [the] defendant knew that the [weapon] was a dangerous weapon." *State v. Higginbotham*, 300 Or App 395, 397, 450 P3d 1042 (2019) (applying *State v. Fletcher*, 263 Or App 630, 633, 330 P3d 659 (2014), which held that to establish second-degree assault, the state must prove that the defendant had intent or knowledge with regard to the nature of the weapon). Because the error is one of law, we have case law directly on point, making the error obvious and not reasonably in dispute, and the error is apparent on the record, that instructional error is plain.

We now consider whether the four plain errors we have recognized were harmless and, if not, whether we should exercise our discretion to correct them. We must affirm a conviction if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). "In the mental-state context in particular, the pertinent inquiry 'is not whether a jury *could* have found defendant to have the requisite mental state on this record; rather, it is whether there is some likelihood that the jury might *not* have been persuaded that he had the requisite mental state, had it considered that issue.'" *State v. Horton*, 327 Or App 256, 263, 535 P3d 338 (2023) (quoting *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphasis in original)).

Applying appropriate caution to examination of when a jury is not instructed on the culpable mental state of a

material element of an offense, we conclude that the errors were harmless as to Counts 2 and 3, but not as to Count 8. *See Horton*, 327 Or App at 263 (recognizing the challenge of the harmlessness analysis regarding jury instructions because "we must be extremely wary of usurping the jury's function"). Counts 2 and 3 were charged on the same facts as Count 1, first-degree assault against D. Because the jury found that defendant intentionally used a dangerous weapon to cause serious physical injury as to Count 1, the jury could not have found that defendant did not act with the requisite mental state for the elements of second-degree assault, even if properly instructed. However, this record does not contain similar facts that would allow us to conclude with the requisite degree of certainty that the jury would have reached the same findings if properly instructed as to Count 8, second-degree assault against G, however likely that might be. *Cf. State v. Scatamacchia*, 323 Or App 31, 35, 522 P3d 26 (2022), *rev den*, 370 Or 827 (2023) ("Ultimately, the jury necessarily found that [the] defendant deliberately and unjustifiably punched [the victim's] face multiple times from above with enough force to cause extensive injuries. Consequently, there is little likelihood that the jury would not have found that there was a substantial and unjustifiable risk that [the victim] would suffer protracted disfigurement, impairment of health, or impairment of bodily function as a result of his punches.").

Because the court plainly erred, and the failure to instruct the jury on Count 8 was not harmless, we now consider whether on this record, we would exercise our discretion to correct that error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (explaining plain error review). Our case law requires us to "balance the gravity of any error, in the context of the nature of the case, against the other factors set forth in *Ailes*," and in other plain-error cases. *State v. Inman*, 275 Or App 920, 936, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016) (internal quotation marks omitted). Those other factors include but are not limited to "the competing interests of the parties; the nature of the case; * * * how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way * * *." *Ailes*, 312 Or at 382 n 6.

In this case, we are not persuaded to exercise our discretion to correct the instructional error. Viewing the record as a whole, the evidence of the assaultive conduct and resulting injuries in this case, and the absence of an alternative theory at trial as to defendant's mental state regarding the result of his conduct, the likelihood that the verdict would have been different "is an extremely low likelihood." *Horton*, 327 Or App at 266; *see id.* (declining to exercise discretion to correct the trial court's error in failing to instruct the jury on the culpable mental state requirement for the value element of criminal mischief); *see also Inman*, 275 Or App at 936 ("[T]he error in this case was not particularly grave, in terms of its likelihood of affecting the verdict \* \* \*."); *cf. McKinney/Shiffer*, 369 Or at 331 (considering McKinney's theory of defense at trial, that the injury was accidental, as a factor in deciding to exercise discretion to correct a plain instructional error); *State v. Hatchell*, 322 Or App 309, 317, 519 P3d 563 (2022) (exercising discretion to correct instructional error where defendant's theory of defense was that he did not have the requisite mental state to cause the victim's particular injuries because they were the result of incidental contact with his shin).

Affirmed.