602 May 13, 2026 No. 413

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHEYENNE D. STEVENS,
*Defendant-Appellant*.

Douglas County Circuit Court
23CR57174; A185103

Kathleen E. Johnson, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Julia A. Taylor, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a conviction of a single count of second-degree assault. In her single assignment of error, defendant contends that the trial court erred when it denied her motion for judgment of acquittal. She argues that the state failed to present sufficient evidence to establish that she was at least criminally negligent with respect to the resultant injury. We affirm.

Defendant's argument is not preserved, as she asserts a different theory as to the legal insufficiency of evidence on appeal than she argued below. *See State v. Cassidy*, 331 Or App 69, 73, 545 P3d 203, *rev den*, 372 Or 763 (2024) ("In the context of a motion for a judgment of acquittal, an objection as to the legal insufficiency of evidence to prove a claim on one theory does not have the effect of preserving all other possible theories of insufficiency * * *." (Internal quotation marks omitted.)).

Regardless, defendant's argument fails on the merits. Reviewing the evidence in the light most favorable to the state, a rational trier of fact could reasonably infer that defendant had used a weapon based on the injuries inflicted, photographs and video admitted, and testimony presented. *See Delgado v. Souders*, 334 Or 122, 135, 46 P3d 729 (2002) ("[A] party may establish an element of a criminal offense * * * by circumstantial evidence and reasonable inferences arising from such evidence."). Based on that inference, a rational trier of fact could determine that the circumstances indicated a substantial risk of serious injury, and defendant's failure to be aware of it constituted "a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10); *see State v. Scatamacchia*, 323 Or App 31, 35-36, 522 P3d 26 (2022), *rev den*, 370 Or 827 (2023) (several punches to the face at close range gave rise to substantial risk of serious injury such that there was little likelihood a jury would not find defendant at least criminally negligent).

Affirmed.